UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
BARBARA KANOFF,                              :     Civil Action No. 07-2363 (FLW)
                                             :
       Plaintiff,                           :
                                             :
   v.                                         :
                                             :     OPINION
BETTER LIFE RENTING CORP. and LEFRAK         :
ORGANIZATIONS, INC.,                         :
                                             :
                                             :
       Defendants.                          :
_____:

**WOLFSON, District Judge:**

      Presently before the Court is Plaintiff Barbara Kanoff's ("Plaintiff") motion for extension of time within which to file a notice of appeal pursuant to Fed. R. App. P. 4. Defendant Better Life Renting Corp. and Lefrak Organizations, Inc. (collectively "Defendants") opposed the motion. No oral argument was heard. For the reasons set forth below, Plaintiff's motion is **DENIED**.

## BACKGROUND

      The facts of this case were recited in this Court's February 14, 2008 Opinion. In the interest of judicial economy, the facts recounted here will only be pertinent to this motion. On February 14, 2008, this Court entered an order granting Defendant's motion to dismiss the Complaint without prejudice and to compel arbitration. Pursuant to Fed. R. App. P. 4(a)(1)(A), Plaintiff was required to file a notice of appeal with the Court within thirty days from the date of the Order, which was March 15, 2008. Because March 15th was a Saturday, Plaintiff was required to file the notice of appeal no later than Monday, March 17, 2008. However, the notice of appeal was not filed until March 26, 2008. On March 31, 2008, Plaintiff moved before this Court for an extension of time

within which to file the appeal. In the certification by Plaintiff's counsel, Mr. Craner, in support of the motion, counsel states that he failed to electronically file the notice of appeal. He explains that he "did not appreciate that a notice of appeal was an appropriate e-file document." Craner's Cert. at ¶ 3. Rather, counsel intended to mail the notice of appeal on March 11, 2008 to the Clerk of the District Court in Newark. However, both the letter transmitting the notice of appeal and the envelope were misaddressed. In addition, the notice of appeal itself contained the wrong docket number. Id. at ¶ 6. Plaintiff first learned of his mistakes when Defendants brought the matter to his attention. Id. at ¶ 5.[1]

## DISCUSSION

Federal Rule of Appellate Procedure 4(a)(5) provides that:

> (A) The district court may extend the time to file a notice of appeal if:
>
> (I) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) that party shows excusable neglect or good cause.
>
> (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.
>
> (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.

---

[1] Interestingly, on March 31, 2008, the Clerk of the Third Circuit sent a docketing letter to the parties, specifying certain required submissions to be filed by the parties and setting strict due dates for those submissions. Plaintiff, however, did not comply with the Clerk's March 31st letter, and failed to file the required documents by the deadline. As a result of Plaintiff's failure to comply, on April 25, 2008, the Clerk mandated that the forms be completed and received in the Clerk's Office within fourteen days. Again, Plaintiff failed to comply with that deadline.

Fed. R. App. P. 4(a)(5).  Under this rule, if a party files a notice of appeal after the thirty day time period provided under Rule 4(a)(5)(A)(i), the party must show that the lateness of the filing was due to either excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(ii).  In defining these terms, the Third Circuit relies on the United States Supreme Court holding in Pioneer Investment Services Company v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993).  See Manus Corp. v. NRG Energy, Inc. (In re O'Brien Envtl. Energy, Inc.), 188 F.3d 116, 118 (3d Cir. 1999); Consolidated Freightways Corporation of Delaware v. Larson, 827 F.2d 916 (3d Cir. 1987).

In discussing the term "excusable neglect," the Supreme Court in Pioneer stated that the circumstances to consider include:

> the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings , the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Pioneer, 507 U.S. at 388.  Fault in the delay remains an important factor - perhaps the most important single factor - in determining whether neglect is excusable. City of Chanute v. Williams Natural Gas Co., 31 F.3d 1041, 1046 (10th Cir. 1994).  Although the Supreme Court has noted that "excusable neglect" may encompass some situations in which the failure to comply with a deadline is attributable to negligence, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Pioneer, 507 U.S. at 392, 394.  Accordingly, "even absent prejudice to the opposing party or disruption of judicial proceedings, a party's misunderstanding of the law or unfamiliarity with rules of procedure will not constitute excusable neglect." City of Shawnee v. Argonaut Ins. Co., No. 06-2389, 2008 U.S. Dist. LEXIS 50970, at *13 (D. Kan. Jul. 2, 2008); see Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir.), cert. denied, 531 U.S. 929 (2000)(delay will always be minimal and prejudice to the non-movant will

often be negligible since the Rule requires a 4(a)(5) motion to be filed within 30 days of the last day for filing a timely notice of appeal; "at the end of the day, the focus must be upon the nature of the neglect").

Prior to the Pioneer holding, the Third Circuit expansively commented on this point:

> Rule 4(a)(5)'s excusable neglect standard requires a case-by-case analysis. In order to judiciously apply the standard, a court must, at a minimum, make findings as to the reasons underlying counsel's inadvertence. There is a qualitative distinction between inadvertence which occurs despite counsel's affirmative efforts to comply and inadvertence which results from counsel's lack of diligence.
>
> Although every case must be examined on an ad hoc basis and it is impossible to compose an exhaustive list of factors relevant to a determination of whether excusable neglect has occurred, a thoughtful analysis of this issue in a particular context will, at a minimum, require a weighing and balancing of the following factors: (1) whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure, Campbell v. Bowlin, 724 F.2d 484 (5th Cir. 1984) (failure to read rules of procedure not excusable); (2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, Airline Pilots v. Executive Airlines, Inc., 569 F.2d 1174 (1st Cir. 1978) (mistake in diarying counsel's calendar not excusable); (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence, United States v. Commonwealth of Virginia, 508 F.Supp.187 (E.D.Va.1981) (failure to arrange coverage during attorney's vacation which encompassed end of appeal period not excusable); (4) whether the inadvertence reflects a complete lack of diligence, Reinsurance Co. of America, Inc. v. Administratia, 808 F.2d 1249 (7th Cir. 1987); or (5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance.

Consolidated Freightways, 827 F.2d at 919.

In the instant matter, Plaintiff proffers various reasons for failing to timely file the notice of appeal. Specifically, Plaintiff's counsel represents that he "did not appreciate that a notice of appeal was an appropriate e-file document," and that he "did not have an account with the Clerk to cover the filing fees." See Craner Cert. at ¶ 3. Plaintiff's counsel further represents that the letter and the

envelope, accompanying the notice of appeal, sent to the Clerk was mis-labeled due to a computer program error, and thus, the Clerk's Office did not receive the notice of appeal until March 26, 2008, after it was sent on March 11, 2008.  Based on these excuses, the determinative factor crucial to the analysis of whether Plaintiff's neglect was excusable is counsel's failure to electronically file the notice of appeal.  If Plaintiff's counsel had initially electronically filed the notice of appeal, the timeliness of the filing would not have been affected by other instances of neglect.  As such, the Court shall confine its analysis to this point.

As noted, Plaintiff's counsel simple states that he did not appreciate that a notice of appeal was an appropriate e-file document.[2]  Unfortunately, such ignorance of the rules of procedure does not constitute excusable neglect.  The Court finds the reasoning expounded in <u>Emilien v. Stull Technologies Corp.</u>, No. 99-5312, 2006 U.S. LEXIS 4723 (D.N.J. Feb. 7, 2006), persuasive.  In <u>Emilien</u>, defense attorney's excuse for his delayed request for an extension to file an appeal was that he did not receive a copy of the court's order until after the thirty day time period in which to file a notice of an appeal had ended.  <u>Id.</u> at *6-7.  The court, relying on the holdings of <u>Pioneer</u> and <u>Consolidated Freightways</u>, found such excuse unacceptable because all attorneys practicing in the district are required to comply with the Standing Order that made electronic case filing mandatory, and "failure to do so does not qualify as excusable neglect." <u>Id.</u> at *7.

Indeed, the propriety of electronically filing a notice of appeal is required by the District Court's orders.  The District of New Jersey's Standing Order 05-1 states: "Effectively January 31,

---

[2]Plaintiff's counsel further stated that he does not practice much in federal courts since the advent of electronic filing.  Thus, he was under the impression that because the Rules required him to send copies of the notice of appeal to the district court and that the court serves the appeal on the respondent, he assumed that he was required to mail an original and copies to the district court, rather than electronically mailing it.

2005, electronic case filing will be mandatory for all civil and criminal cases other than pro se cases." Along with Local Civil Rule 5.2, which provides for electronic service and filing of documents, the District Court has adopted a set of polices and procedures, which requires that "[e]xcept as expressly provided in these Procedures and in exceptional circumstances, all documents shall be filed electronically." See http://www.njd.uscourts,gov/rules/competeRules13108.pdf. The exceptions to electronic filing provided in the rules do not include notices of appeal.

      Similarly, Plaintiff's excuse for not having an account with the Clerk to cover the filing fee is inexcusable. The instructions for filing a civil complaint, notice of removal, or notice of appeal electronically is explicitly published on this District's website. See http://www.njd.uscourts.gov/cm-ecf/EfileCvCmp.pdf. Moreover, Plaintiff had previously been notified by the Clerk in this case that filing fees are to be paid electronically in accordance with such instructions. As such, Plaintiff's ignorance of, or disregard for, the rules and procedures of this Court for filing her notice of appeal is not excusable. See Pioneer, 507 U.S. at 392; Amatanglo v. Borough of Donora, 212 F.3d 776, 779 (3d Cir. 2000)(no excusable neglect where plaintiff failed to timely file appeal due to lack of knowledge of procedural rule); Consolidated Freightways, 827 F.2d at 919 (inadvertence that reflects professional incompetence such as ignorance of the rules of procedure is not excusable); Selman v. Virgin Island Taxi Ass'n., 946 F.Supp. 409, 411 (D.V.I. 1996)(violation of the court's local rules cannot amount to excusable neglect). While the Court recognizes that there is, arguably, little prejudice to Defendants, and that Plaintiff made a good faith attempt to timely file a notice of appeal, counsel's failure to observe the policies and procedures of this Court simply cannot be excused. See Price v. General Cable Indus., Inc., 466 F. Supp. 2d 610, 612 (W.D. Pa. 2006)("The length of delay is not considerable, and nonmovants have not shown that leave to appeal nunc pro tunc would result

in any prejudice.  Nonetheless, Counsel's unreasonable failure to exercise any degree of control over the situation reflects professional incompetence and a lack of good faith effort toward compliance"); see also Avery v. Hendricks, No. 04-1481, 2006 WL 2627945 (D.N.J. Sept. 13, 2006).  Accordingly, Plaintiff's motion for an extension of time to file a notice of appeal is denied.  An appropriate Order shall follow.

Dated: October 22, 2008

   /s/  Freda L. Wolfson
The Honorable Freda L. Wolfson,
United States District Judge